An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-50

Filed 5 August 2026

Cleveland County, No. 23CR299856-220

STATE OF NORTH CAROLINA

v.

JOHNNY T. POSTON, Defendant.

Appeal by defendant from judgment entered 20 September 2024 by Judge Sarah E. Kirby-Turner in Cleveland County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Adrian W. Dellinger, for the State.*
>
> *The Law Office of Richard J. Costanza, P.A., by Richard J. Costanza, for defendant-appellant.*

PER CURIAM.

Defendant Johnny Poston appeals from a jury verdict finding him guilty of assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI") and hit and run inflicting serious bodily injury ("felony hit and run").

On appeal, Defendant requests this Court conduct an independent review of the record pursuant to *Anders v. California*, 386 U.S. 738 (1967). For reasoning below, we hold the trial was free of reversible error.

## I.    Background

Evidence presented at trial tended to show the following: on 6 May 2023, Defendant and his then girlfriend, Dessie Turner, rented a room at the Days Inn in Shelby, North Carolina. That evening, Defendant went to Turner's vehicle to retrieve something and saw police in the parking lot. Defendant accused Turner of calling the police on him, as she had done the previous month. Defendant left the hotel with Turner's vehicle keys. Turner, believing Defendant was stealing her car, began following Defendant outside yelling, "He's stealing my car, he's stealing my car." An officer, who was already at the scene for an unrelated incident, noticed the commotion. When Defendant saw the officer, he put the car in reverse and attempted to leave the Days Inn. While attempting to make his escape, Defendant struck Turner. Officers arrested Defendant at the scene.

Turner sustained severe injuries and was airlifted to a hospital where doctors determined she suffered several broken ribs among other broken bones. Turner remained in the hospital for a month and returned to the hospital shortly after being discharged where she remained an additional two weeks.

At trial, the State introduced video evidence from the Days Inn depicting the event. After the close of the State's evidence, Defendant moved to dismiss the case

for lack of sufficient evidence. The trial court denied his motion. Defendant again made a motion to dismiss the charges as the end of his case, and the trial court again denied the motion.

After deliberation, the jury found Defendant not guilty of first-degree murder, but guilty of AWDWIKISI and felony hit and run. Defendant appealed.

## II. Analysis

On appeal, Defendant's counsel has filed a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985), requesting this Court independently review the record. In accordance with *Anders* and *Kinch*, counsel advised Defendant of his right to file his own arguments and provided him with a copy of the brief, transcript of proceedings, printed record on appeal, and this Court's mailing address.

Though Defendant's counsel was unable to identify any issues with sufficient merit to support an argument on appeal, counsel refers this Court to the following issues which may support Defendant's appeal: (1) whether the trial court properly admitted the surveillance footage from the Days Inn and (2) whether the trial court erred in denying Defendant's motion to dismiss at the close of all evidence.

Defendant also filed an independent brief and referred this Court to the following issues which may support an appeal: (1) whether Defendant received ineffective assistance of counsel due to his counsel failing to object to the admission of the surveillance footage in violation of the Sixth Amendment and Fourth

Amendment of the United States Constitution, (2) whether the trial court lacked subject matter jurisdiction over the matter, and (3) whether the State failed to prove the element of "intent to kill" beyond a reasonable doubt.

After conducting a full and independent examination of the record, including the potential issues presented by Defendant's counsel, as required by *Anders* and *Kinch*, we hold the record contains no meritorious issue which would entitle Defendant to relief.

NO ERROR

Panel consisting of Chief Judge DILLON and Judges WOOD and GORE.

Report per Rule 30(e).